Dear Mr. LeBleu:
By resolution adopted April 28, 1998, the Board of Commissioners (the "Board") of the Abbeville Harbor and Terminal District (the "District") asked this office to issue its opinion in response to the following questions set forth in a letter dated April 6, 1998 from the Board's attorney, Roger E. Boynton to Attorney General Richard Ieyoub:
 1. Can the District purchase a vessel for use by the Vermilion Parish Sheriff's Office under a cooperative agreement which would enhance waterways coverage of patrol by the Sheriff's Office and quicken response time to water related and traffic matters in the jurisdiction of the District?
 2. Can the District by cooperative agreement with the Vermilion Parish Sheriff's Office reimburse the salary of the officer hired, employed, and supervised by the Sheriff for the purposes outlined above?
 3. Can the District require the return of the vessel at the end of the cooperative agreement to the District?
 4. What are the procedures and statutes needed to be followed to purchase the vessel by the District?
 5. If the vessel is used exclusively by the Sheriff's Office and manned by the Sheriff's Office, what liability concerns does the District have if the cooperative agreement has a hold harmless and indemnity clause and the Sheriff has adequate insurance?
 6. Does the title of the vessel (i.e., ownership) make any difference in question 5?
The Board's request has been assigned to the undersigned Assistant Attorney General for response.
The powers of the Board are set forth in La. R.S. 34:333.3. Among other things, it provides that the Board has all the rights, privileges and immunities granted to corporations of Louisiana and the power to provide police protection for the District. Consequently, we find nothing to prohibit the Board from acquiring a police patrol vessel for the District or from hiring police officers to provide protection within the territorial jurisdiction of the District.
While Article VII, § 14(A) of the Louisiana Constitution generally prohibits the loan, pledge or donation of the funds, credit, property or things of value of the state or of any political subdivision of the state to any person, association, or corporation, public or private, Cooperative endeavors, however, are expressly permitted. Article VII, Section14(C) of the Louisiana Constitution provides:
 For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
Recently, in Attorney General's Opinion 98-143, this office opined that a sheriff could enter into a cooperative law enforcement endeavor to transfer surplus equipment and vehicles to other area law enforcement agencies. Similarly, in Attorney General's Opinion 96-442, we opined that town could transfer funds budgeted for fire protection to a Fire Protection District, noting the Fire Protection District was obligated to provide fire protection within the corporate limits of the town. Copies of both opinions are enclosed for your review.
Since both the Vermilion Parish Sheriff and the Board have the power to provide police protection in the area, a similar, properly confected, cooperative endeavor could be made to provide for the transfer of a police patrol vessel to the sheriff and for the Board to reimburse the salary of a patrol officer to provide police protection within the District.
It is the opinion of this office that, in view of the foregoing, the District may enter into a cooperative endeavor with the Vermilion Parish Sheriff's Office to provide a patrol vessel and reimburse the Sheriff's Office the salary of an officer to be hired, employed and supervised by the Sheriff to patrol the waterways within the District. Such an agreement could certainly provide for return of the vessel to the District at the conclusion of the agreement.
The District is a political subdivision of the state. La. R.S. 34:333.1. The Public Bid Law (La. R.S. 38:2211, et seq. is applicable to purchases of materials and supplies exceeding the sum of fifteen thousand dollars by "a public entity." La. R.S.38:2212 A(1)(a). The definition of "public entity" includes "any political subdivision of the state." La. R.S. 38:2211 A(1). Therefore, assuming the cost of the vessel exceeds fifteen thousand dollars, it may be acquired pursuant to the Public Bid Law.
The last two questions are too broad to be the properly addressed in a letter opinion. Liability depends upon factual circumstances, but certainly, if the vessel is owned by the District, there is the potential for liability arising out of that ownership. Liability arising from the patrol officer's actions while engaged in enforcing laws (on behalf of the District) is also dependent upon the factual circumstances and not suited to speculation in the form of an opinion.
We trust this opinion provides you with the necessary information to satisfy your query. Should you have further questions, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ RANDALL A. KARR ASSISTANT ATTORNEY GENERAL
RPI/RAK/dra